UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYAN O. CRANE,

       Plaintiff,

v.                             Case No:  2:15-cv-86-SPC-DNF

Secretary of Labor, THOMAS E. PEREZ,

       Defendants.

_____/

## ORDER[1]

This matter comes before the Court upon Defendant Secretary of Labor, Thomas E. Perez's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and pursuant to *Res Judicata* filed on April 7, 2015. (Doc. #6). Plaintiff *pro se* Bryan O. Crane filed a response to Defendant's Motion to Dismiss on April 17, 2015. (Doc. #7). Thus, Defendant's Motion is now ripe for review.

### Background

On February 12, 2000, Plaintiff Crane was injured in a work-related accident in Montgomery, Alabama leaving him permanently disabled from work. (Doc. #1 at 8). As a result of his injury, Crane filed a claim for benefits under the Federal Employees' Compensation Act ("FECA") for injuries he sustained on February 12, 2000. (Doc. #1 at

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

8). Crane required extensive surgery on his vertebrae and underwent surgery on March 29, 2000. (Doc. #1 at 8). Crane continued to have pain after the surgery but his doctors decided that no further surgery would help his condition. (Doc. #1 at 8). As a result, Crane began to undergo pain management using chiropractic care to treat subluxations and physical therapy to reduce the frequency and severity of his pain. (Doc. #1 at 8–9).

Crane has brought actions relating to the accident that left him disabled against the United States of America twice prior to the instant case. (Doc. #7 at 2). In his first case, Crane v. United States of America, 2:13-cv-290-JES-UAM ("Crane I"), Crane's complaint related to amounts that he owed to the United States due to disability overpayments and what should have been paid to Crane for accumulated leave. (Doc. #6 at 2). The first case was dismissed without prejudice on December 5, 2013, for lack of personal jurisdiction due to the failure to serve process. (Crane v. United States of America, 2:13-cv-290, Doc. #27 at 3–4).

Crane filed a second complaint, Crane v. Secretary of Labor, Thomas E. Perez and United States of America, 2:13-cv-518-SPC-DNF ("Crane II"), related to the United States' administration of his workers' compensation claim on July 15, 2013. (Doc. #6 at 3). Cranes initial complaint alleged that the United States violated his rights by requiring him to submit to Independent Medical Examinations ("IMEs"), for periods of "illegal reductions and suspensions" of his disability benefits, for refusing to reimburse Crane for certain medical expenses, and for "improperly" taking his benefits. (Doc. #6 at 3). On October 31, 2013, this Court granted the United States' Motion to Dismiss for lack of subject matter jurisdiction and dismissed Plaintiff's complaint without prejudice. (Doc. #6 at 3).

On December 17, 2013, this Court entered an order allowing Crane to amend his Complaint in an attempt to assert his constitutional claims. (Doc. #6 at 3). Crane filed his Amended Complaint on January 15, 2014, and the United States again moved to dismiss Crane's Amended Complaint for lack of subject matter jurisdiction. (Doc. #6 at 3). The United States argued that the only difference between Crane's initial Complaint and the amended one was that Crane attempted to couch his challenge to the FECA determinations as raising constitutional issues. (Doc. #6 at 3). On April 2, 2014, this Court dismissed the case with prejudice for lack of subject matter jurisdiction because Crane did not adequately prove his claim of unequal treatment in order to state a colorable equal protection claim that would have fallen within the narrow exception to FECA's prohibition. (Doc. #6 at 3).

On February 11, 2015, Crane filed the instant complaint stating the complaint was previously filed as Crane II, which was dismissed with prejudice, and that he wrongly cited to FECA violations rather than Constitutional violations. Upon a liberal interpretation of Crane's sixty-three page Complaint, Crane alleges that the Department of Labor has purposefully allowed certain Department of Labor personnel to violate his constitutional right to due process and equal protection. (Doc. #1 at 2).

**Discussion**

The Defendant Secretary of Labor Thomas E. Perez argues the Complaint should be dismissed because: (1) Crane's claims are barred under the doctrine of *res judicata*; and (2) This Court lacks the subject matter jurisdiction to hear this case. Crane responds to Perez's motion to dismiss arguing the complaint in Crane II and its subsequent dismissal with prejudice is limited to FECA and the FECA administration process. Crane

admits that he is bringing the same complaint but means to expand the scope beyond FECA to include actions taken by the Department of Labor.

(1) *Res Judicata*

The Court will first address Perez's argument that Crane's claims are barred under the doctrine of *res judicata*. *Res judicata* prevents a plaintiff from re-litigating claims that were raised or could have been raised in an earlier proceeding. See Ragsdale v. Rubbermaid, 193 F.3d 1235, 1238 (11th Cir.1999). A claim is barred under *res judicata* if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. at 1238. With regard to the fourth factor, "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." Id. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." Id.

In Crane II, Crane's amended complaint was dismissed with prejudice by this Court on April 2, 2014. The dismissal was based on the merits of the case as this Court determined that Crane's constitutional right to due process and equal protection had not been violated by FECA and the administration of his FECA benefits. Crane was given the chance to appeal this Court's decision to the Eleventh Circuit, however, Crane said he agreed with the Court's decision and that he chose to file the complaint again but with an expanded scope beyond FECA. Secondly, this Court issued the order dismissing Crane II with prejudice and therefore, this Court has competent jurisdiction as applied to the

second factor of the *res judicata* test. Third, the parties remain the same from Crane II to the instant case as Crane had also included Perez as a defendant in Crane II. Thus, any issues that Crane had should have been brought before the Court in the previous case.

To satisfy the fourth factor of the *res judicata* test, Perez argues that *res judicata* applies because this case involves the same operative nucleus of fact as in Crane II. Perez argues "*Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir.1992) (quotation marks omitted).

Not only has Crane admitted that he is bringing the same complaint as Crane II, which was dismissed with prejudice, but he is only expanding the scope of the complaint. Instead of directly complaining about the way FECA and the administration of FECA benefits were handled, Crane generalizes his claim by arguing that the Department of Labor is responsible for FECA's administration policies rather than the more specific agencies directly in charge of FECA administration.

Although Crane states that he is not arguing the constitutionality of his FECA claims, he essentially restates the same issues and requests the same relief as in Crane II. For example, in Crane II, Crane listed six issues in his Complaint, five of which are mirrored in the instant Complaint: (1) Plaintiff cannot receive due process  or equal protection under the law due to violations of law, regulation, and procedure and misconduct on the part of employees throughout the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP"), the Employees' Compensation Appeals Board ("ECAB") and the DOL's Office of Inspector General ("OIG"); (2) Plaintiff

needs injunctive relief from DOL's repeated forcing Plaintiff to submit to unnecessary and unreasonable Independent Medical Evaluations/Second Opinion Examinations (IMEs), which have cause plaintiff extensive financial, physical, and mental damages; (3) Plaintiff has lost significant income and incurred significant expenses due to OWCP's repeated and illegal reductions and suspensions of Plaintiff's benefits under FECA; (4) OWCP refuses to reimburse Plaintiff for medical expenses specifically allowed to Plaintiff under FECA; (5) OWCP has improperly taken Plaintiff's benefits.

Crane has reworded his list of issues in the instant Complaint but they still mirror the issues from <u>Crane II</u> listed above. For example Crane claims: (1) he cannot receive due process or equal protection under the Law due to DOL personnel purposefully violating Laws, Regulations, and Procedures and DOL personnel misconduct and avoidance of job responsibility; (2) he has lost significant income and incurred significant expenses that DOL will not reimburse to Plaintiff, due to repeated improper and illegal reductions and suspensions of Plaintiff's benefits by DOL personnel; (3) for over fifteen years, DOL has refused to reimburse him for medical expenses specifically allowed to him by Law; (4) DOL has improperly taken his benefits; (5) DOL Action is needed to bring a halt to abusive, improper, and illegal actions by DOL personnel. While Crane does not list it initially in the instant complaint, he still requests that he receive injunctive relief from being required to attend Independent Medical Examinations.

This Court has previously found Crane was provided full due process in the consideration of his FECA claims as he was afforded multiple opportunities to appear and be heard and appeal the administration of his FECA claims. For example, Crane was able to challenge the OWCP's decisions on at least four occasions, two of which were

successful. The Court also found Crane had failed to state a proper equal protection claim because he was attempting to disguise his grievances with the FECA administration process as a violation of his due process rights. See Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, 642–43 (11th Cir. 1992) (affirming dismissal of a FECA benefits claim after finding the plaintiff's constitutional due process claim was "wholly without merit" and was merely a statutory challenge "framed as a due process violations"). Seeing that Crane has essentially mirrored his complaint but only generalized the names of whom he is accusing of misconduct with regard to his FECA benefits, it is clear that he is attempting to re-litigate his FECA claims albeit veiled under the guise of a constitutional issue. The Court already found in Crane II that Crane's veiled general grievances with FECA's administration process do not constitute a colorable equal protection claim.  As a result, the doctrine of *res judicata* still applies.

### (2) *Rule 12(b)(1) Lack of Subject Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss a case if subject matter jurisdiction is not present. Fed. R. Civ. P. 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction attack jurisdiction facially and/or factually. See Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009); Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003). Where, as here, a defendant raises a factual attack on subject matter jurisdiction, the district court may look outside the four corners of the complaint to determine if jurisdiction exists. See Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In factual attacks, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. See Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar,

919 F.2d 1525, 1529 (11th Cir. 1990)). Since the Court's power to hear the case is at issue in a Rule 12(b)(1) motion, courts are free to weigh evidence outside the complaint (e.g., affidavits, declarations, and deposition testimony). See Carmichael, 572 F.3d at 1279; Eaton, 692 F.2d at 732.

Perez argues even if the doctrine of *res judicata* does not apply, this case should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. #6 at 7). Specifically, Perez argues the case should be dismissed because, as this Court has previously held, "[c]onclusions of law and fact made by the Secretary or the [Employees' Compensation Appeals Board] are also immune from judicial review." Woodruff, 954 F.2d at 637 (11th Cir. 1992) (citation omitted).  An exception exists to the FECA bar on judicial review where federal courts may exercise jurisdiction over the Secretary's final decision when (1) there is a colorable constitutional claim; or (2) a clear statutory mandate or prohibition has been violated. Id. at 639–40. In Crane II, this Court found Crane's constitutional claims were merely FECA challenges veiled as a general "garden variety" of constitutional claims and, therefore, did not satisfy the narrow exception to FECA's jurisdictional bar.

Crane responded to Perez's argument by alleging the Department of Labor is discriminating against all disabled Federal employees rather than solely discriminating against Crane. Crane supports his argument by stating the adoption of federal regulations by the Department of Labor makes obtaining representation for disabled employees prohibitively expensive and virtually impossible, thus violating disabled employees' right to equal protection and due process. (Doc. #7 at 3). Crane's position is not well taken.  It is clear that Crane is attempting to re-litigate his complaint regarding his FECA benefits

as Crane seeks the same redress in this case as he did in the previously adjudicated case. All of Crane's claims in this instance are related to his FECA benefits but he couches them as a constitutional issue through the use of disabled federal employee discrimination.

As previously decided in Crane II, Crane's requests for relief confirm that he is not seeking an "opportunity to be heard "at a meaningful time and in a meaningful manner" and the same applies here. Gillmore, 455 F. App'x at 936–37 (quotation omitted). See Crane v. Secretary of Labor, Thomas E. Perez and United States of America, 2:13-cv-518, Doc. #20 at 10. In Crane II, Crane requested: (1) declare him totally and permanently disabled from work; (2) stop the OWCP from requiring him to attend "any and all IMEs"; (3) bar the OWCP from contacting him for any reason except to facilitate payment of disability benefits; and (4) award him compensatory and other damages. Id. Doc. #17 at 49–50). In this instant action, Crane has mimicked the requests for relief: (1) declare him totally and permanently disabled from work; (2) Stop the DOL from demanding him to attend "any IMEs"; (3) bar DOL from contacting Crane for any reason except to facilitate payment of disability benefits; and (4) award him compensatory and other damages. (Doc. #1 at 60). The Court has already found in Crane II these requests are not available for an alleged due process violation and the same stands for Crane's mirrored remedies. See Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("A violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right to which the claimant may not be entitled on the merits." (footnote omitted)).

In Crane II, the Court found Crane was provided full due process in the consideration of his FECA claims and the repetition of those same requests for relief in

the instant case do not change that fact. As a result, this Court is without jurisdiction to hear Crane's due process claim. See Fed. R. Civ. P 12(b)(1).

### Conclusion

In sum, although the Court has construed Crane's Complaint liberally in light of his *pro se* status, it finds that Crane is attempting to re-litigate his previously adjudicated complaint against FECA and the administration of FECA benefits.[2]   In Crane III, he is veiling his complaints as constitutional issues and merely expanding the scope of his complaint from FECA to the Department of Labor and its actions with FECA. Despite this action being previously adjudicated, this Court lacks subject matter jurisdiction over the instant action as Crane has failed to state a constitutional claim to satisfy FECA's jurisdictional bar. Because this Court has previously dismissed Crane's Complaint with prejudice and this action arises out of the same common nucleus of operative fact, Crane's claims are barred by the doctrine of *res judicata* and therefore this Court will dismiss this action with prejudice.

Accordingly, it is now

**ORDERED:**

(1) Defendant, Secretary of labor, Thomas E. Perez's Motion to Dismiss (Doc. #6)

is **GRANTED**.

---

[2] Courts liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). "The district court has an obligation to look behind the label of a *pro se* motion and, if possible, interpret it as any request for relief over which the court may have jurisdiction." Gilmore v. Dir., U.S. Dep't of Labor, Office of Workers' Comp., 455 F. App'x 934, 936 (11th Cir. 2012) (citation omitted). Nevertheless, *pro se* litigants are still required to abide by procedural rules. See Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).

(2) Plaintiff Bryan O. Crane's Complaint (Doc. #1) is **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly, terminate all

pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record